ERIC GRANT
United States Attorney
JOSHUA B. BANISTER
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorney for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:25-CR-00116-JLT-SAB |
|---|---|
| Plaintiff, | |
| v. | **STIPULATION TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT; ORDER** |
| JESSA ZAYAS AKA JESSA CONTRERAS, | |
| Defendant. | |

The parties stipulate as follows:

1.      A grand jury filed an indictment against the defendant on June 5, 2025, and the defendant was arraigned the same day. The parties continued the status conference by stipulation twice and appeared at the January 21, 2026, status conference. Presently, a status conference is set for May 6, 2026, with time excluded to that date.

2.      The Government produced initial discovery to the defendant's counsel on June 18, 2025.

3.      On April 1, 2026, the Government extended plea offers to the defendant.

4.      Now, the parties have met and conferred and agree to another continuance of the status conference until September 29, 2026, to further provide the defendant with reasonable time necessary for effective preparation, and for the defendant to consider a pre-trial resolution of the case. The parties are engaged in discussions regarding potential resolution of the matter.

1

5.      The parties also agree that that the time period should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at the defendant's request, on the basis of the Court's finding that: (1) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (2) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (3) failure to grant the continuance would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The parties agree that the period from May 6, 2026, through June 3, 2026, should be excluded. Fed. R. Crim. P. 17.1; 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv).

IT IS SO STIPULATED.

Dated:  April 30, 2026

ERIC GRANT
United States Attorney

*/s/ Johua B. Banister*
Josua B. Banister
Assistant United States Attorney

Dated:  April 30, 2026

*/s/ George Mgdesyan*
George Mgdesyan
Mgdesyan Law Firm
Counsel for Jessa Zayas

2

**ORDER**

The Court has read and considered the parties' stipulation to further continue the status conference and exclude time. The Court does not find good cause for the continuance to September 29, 2026, since the parties advised the Court as a basis to continue the last time advised that they were considering a plea offer and that this was the last continuance (ECF 23- 1/21/26). The Court will allow a brief continuance to consider the plea but priority must be given by both sides on this case.

Therefore, for good cause shown:

1.  The status conference is continued from May 6, 2026, until **June 3, 2026, at 1:00 p.m. before Magistrate Judge Stanley A. Boone**; and

2.  The period from May 6, 2026, through June 3, 2026, shall be excluded pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv).

IT IS SO ORDERED.

Dated:    **May 4, 2026**

_____
STANLEY A. BOONE
United States Magistrate Judge

3